864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael KRALEY, Appellant,
v.
Robert L. THOMASON and Henry S. Stover, Appellee.
 No. 88-1385.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1988.
 
 Before EDWARD S. SMITH, BISSELL and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Michael Kraley appeals from the final decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board), Interference No. 101,443, dated February 24, 1988, awarding the subject matter of the count at issue to Robert L. Thomason and Henry S. Stover, the senior party in the interference. We affirm.
 
 OPINION
 
 2
 Kraley asserts that, in awarding priority to Thomason and Stover, the board erroneously failed to recognize that Kraley's improvement to Dr. Sher's 3-dimensional display system constitutes the essence of the invention which is described by the count. Kraley further argues that, in view of the essential nature of his improvement, the board should not have placed the burden on him to show that he communicated every limitation of the count to Thomason and Stover, or that Thomason and Stover did not contribute inventively to the invention of the count. We do not agree. The board specifically recognized Kraley's improvement, and that the disclosure of his improvement and other information regarding the improvement conveyed in meetings between Dr. Sher and Thomason and Stover served as the basis for Thomason's and Stover's later developments.
 
 
 3
 However, the board also found that Kraley conceived of the anisochronous clock feature, but concluded he did not show complete conception of the subject matter of the count. Absent complete conception, the board determined, Kraley could not prevail on priority, regardless of how important the information disclosed by Kraley was to Thomason's and Stover's invention.
 
 
 4
 Complete conception is a necessary condition to the award of priority. See Coleman v. Dines, 754 F.2d 353, 361, 224 USPQ 857, 863 (Fed.Cir.1985). Complete conception is the mental formulation and disclosure by the inventor of a complete idea for a product or process. Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1376, 231 USPQ 81, 87 (Fed.Cir.1986), cert. denied, 107 S.Ct. 1606 (1987). The idea must be sufficiently complete so as to enable one of ordinary skill in the art to reduce the concept to practice. Dines, 754 F.2d at 359, 224 USPQ at 862. As the board said, citing Dines, "a party claiming [complete] conception must show possession of every feature recited in the counts and every limitation of the counts must be shown to have been known to the inventor at the time the invention is alleged to have been conceived." Kraley v. Thomason, No. 101,443, slip op. at 5. Conception is a legal determination subject to review free of the clearly erroneous standard. Hybritech, 802 F.2d at 1376, 231 USPQ at 87. Findings of fact supporting that legal conclusion are reviewed under the clearly erroneous standard. Id.
 
 
 5
 The board found that no evidence was produced showing that Kraley was in possession of the timing means, the means for varying the interval of selectable duration, or the timing initiation means recited in the count. The board also found that Kraley had not shown that completing his conception into an operative invention required no more than routine skill.
 
 
 6
 The board's findings of fact are not clearly erroneous and are not disputed by Kraley. Kraley merely argues that because his disclosed improvement served as the starting point of Thomason's and Stover's invention, Thomason's and Stover's invention should "inure" to his benefit. However, since, as a matter of law, Kraley can be awarded priority only if he was in full possession of every element of the invention, we conclude that the board did not commit legal error in denying Kraley's priority claim.